[Civ. No. 18213. Second Dist., Div. One. Oct. 24, 1951.]

JOSEPH BOBAK, Respondent, v. RAY MACKEY, Appellant.

Leo A. Freeman for Appellant.

Victor Ford Collins, Hyman Smith and Frank J. Kanne, Jr., for Respondent.

HANSON, J. pro tem.—The only question presented by appellant is whether the complaint of the respondent vendee states a cause of action in deceit against appellant as his vendor. The appellant as defendant below did not demur to the complaint nor did he in his answer aver by way of defense

that the complaint did not state a cause of action. At the conclusion of the trial upon the issues which had been joined the trial court entered a judgment for damages based upon findings that the defendant had made certain misrepresentations of fact upon which the plaintiff had relied in the purchase of the real estate which gave rise to the lawsuit. The defendant below is here with an appeal based alone on the judgment roll.

The complaint alleged that plaintiff informed the defendant that he was looking for a piece of property suitable for a dwelling and with separate facilities wherein he could also carry on his business of manufacturing and selling a malted food drink powder. It was further alleged that the defendant falsely represented to the plaintiff as matters of fact:

(1) That the plaintiff could lawfully carry on his business of manufacturing and selling a malted food drink powder on said premises,

(2) That said premises were as a matter of fact located in a city of Los Angeles C-2 zone, in which type of zone light manufacturing activities could be lawfully carried on, including the plaintiff's business of manufacturing and selling a malted food drink powder.

And it was alleged:

(3) That said representations were false and fraudulent in that said premises were located in a city of Los Angeles R-3 zone, in which type of zone manufacturing of any sort whatsoever was unlawful.

(4) That the defendant knew that the representations were false, that they were made for the purpose of inducing the plaintiff to purchase the property, and that the plaintiff purchased the property in reliance on said misrepresentations.

Appellant contends that the misrepresentations charged against him in the complaint, which we have briefly summarized above, are at most representations of law and not of fact and hence no cause of action was stated upon which a judgment could legally have been rendered. For reasons presently to be stated we see no merit in the contention.

The complaint alleges that the premises which were the subject of a purchase and sales agreement between the parties were represented to the plaintiff by the defendant as being located within a certain territory of the city of Los Angeles which the city had zoned as C-2 when in fact the premises were located in a territory of the city which had been zoned

not as C-2, but as R-3, in which type of zone the plaintiff, as defendant well knew, could not use the premises for the purpose for which alone he purchased them.

Such a statement, if made, and relied upon by the purchaser is as much a representation of fact as would be a statement that the premises involved were within the corporate limits of Los Angeles, when they were not, or that they abutted on a certain named thoroughfare in Los Angeles, when they did not. In each of these examples the facts represented come about by reason of law. But the facts as stated are not for that reason misrepresentations of law, but on the contrary of facts. The same is true here. The territory in which the premises were located was by reason of law classified as being in zone R-3, rather than in zone C-2. For aught that appears the law could have classified the premises as C-2 rather than R-3, but it did not do so.

The representation was not a mere misrepresentation of law, i.e., the classification made by the law, but of the fact that the property lay within a zone of a particular character, i.e., which the law had classified as R-3 rather than C-2. Manifestly, the representation was of a fact and not merely one of law. (*Cf.* Rest., Torts, §§ 525, 545. Compare *Seeger* v. *Odell,* 18 Cal.2d 409 [115 P.2d 977, 136 A.L.R. 1291], and *Barder* v. *McClung,* 93 Cal.App.2d 692 [209 P.2d 808].) In the Seeger case the court said with respect to a representation which had been made in that case as follows: "The representation that a levy of execution and sale of the property had occurred was a false statement of fact and is not rendered less actionable because it also contained legal conclusions."

Without detailing further the additional allegations of the complaint, it suffices to say that it stated a cause of action and consequently there is not the slightest merit in the appeal.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.